IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| Ecoco, Inc. | ) |
| | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) Demand For Jury Trial |
| | ) |
| Universal Beauty Products, Inc., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT FOR UNFAIR COMPETITION**

Plaintiff, Ecoco, Inc. (hereinafter "Ecoco"), by its attorneys, alleges as follows:

1. This is an action for: (a) unfair competition arising under the Lanham Act, Title 15 U.S.C. § 1125(a); (b) unfair competition in violation of Illinois common law; (c) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.; and (d) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, all resulting from defendant Universal Beauty Products, Inc.'s (hereinafter "UBP") marketing, distributing, importing, offering to sell, and/or selling of hair gel products.

## **PARTIES**

2. Ecoco is a corporation organized and existing under the laws of, and incorporated in, the state of Illinois, with a principal place of business located at 1830 N. Lamon Ave., Chicago, IL 60639.

1

3. Upon information and belief, UBP is a corporation existing under the laws of Illinois with a place of business at 500 Wall Street, Glendale Heights, Illinois 60139.

## JURISDICTION AND VENUE

4. This is an action for unfair competition under 15 U.S.C. § 1125(a) and Illinois common law, and deceptive business and trade practices under 815 ILCS 505/1, *et seq.*, and 815 ILCS 510/1, *et seq*.

5. Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(b), 1367, 1391, and 735 ILCS 5/2-209.

6. Upon information and belief, UBP regularly transacts business within this district in a substantial, continuous and systematic way, including but not limited to, regularly shipping and selling hair gel products in Illinois and in this district, and unfairly and deceptively marketing those products to residents in Illinois and in this district.

7. This Court has personal jurisdiction over UBP by virtue of all of the commercial activity in this district listed above, including but not limited to, UBP's regular conduct of business in this district, and more particularly, UBP's sale and marketing of the hair gel products in this district.

## BACKGROUND

8. Ecoco refers to and incorporates herein each of the preceding paragraphs 1-7 as if fully set forth herein.

9. Ecoco is a leading supplier of beauty products, including a line of EcoStyler® hair styling gels including EcoStyler® Super Protein, EcoStyler® Argan Oil, EcoStyler® Olive Oil, and EcoStyler® Krystal gels. These hair styling gels have been

extensively sold and promoted over a number of years in containers such as illustrated in **Exhibit A** hereto, including promotions through Ecoco's U.S. distributors, at trade shows, and through its extensive distribution of written and electronic advertising materials in the U.S. marketplace.

10. Upon information and belief, UBP has recently begun promoting and selling a Salon Pro Exclusives line of hair styling gels, including Multi-Protein, Moroccan Argan, Twin Olive, and Brazilian Keratin hair styling gels, in containers such as illustrated in **Exhibits B** hereto (collectively "UBP's Accused Products").

11. Ecoco's line of EcoStyler® hair styling gels have been promoted as a family of products, as illustrated in **Exhibit C**. UBP's Accused Products have also been promoted as a family of products which all come from the same source, as Illustrated in **Exhibit D**.

12. Upon information and belief, UBP designed and selected the containers, products, and names of its Salon Pro Exclusives line of hair styling gels, and sells and promotes those styling gels in such containers, with the intention of causing customers to associate UBP's products with Ecoco. The similarities likely to cause such association are illustrated in **Exhibits E-H**, and include, *inter alia*:

    a. Similar container shapes;

    b. Similar color products visible through translucent containers;

    c. Similar square logos depicting wavy hair;

    d. Similar names (Super Protein v. Multi-Protein, Argan Oil vs. Moroccan Argan, Olive Oil v. Twin Olive, Brazilian Keratin v. Krystal);

    e. Identification as Professional or Pro;

      f.      Similar color matching lids (Super Protein/Krystal and Multi-Protein/Brazilian Keratin) or darker color lids (Argan Oil/Olive Oil v/ Moroccan Argan/Twin Olive); and

      g.      Similar "bullet point" wording on the lower half of the container to describe the contained product.

13. Upon information and belief, when UBP designed the containers, products, and names of its Salon Pro Exclusives line of hair styling gels, UBP was aware of Ecoco's line of EcoStyler® hair styling gels, and UBP selected the containers, products, and names of its Salon Pro Exclusives line of hair styling gels with the intention of causing customers to associate UBP's Salon Pro Exclusives hair gel products with Ecoco's line of EcoStyler® hair styling gels.

14. Upon information and belief, UBP's Salon Pro Exclusives new line of hair styling gels are being sold and promoted in a manner which is likely to cause confusion among consumers, or to cause mistake, or to deceive as to the affiliation, connection, as to the origin, sponsorship, or approval by Ecoco.

## COUNT ONE: FEDERAL UNFAIR COMPETITION

15. Ecoco incorporates paragraphs 1 through 14 above by this reference, as though fully set forth herein.

16. Prior to UBP's first sale of its new line of Salon Pro Exclusives hair styling gels, Ecoco introduced into the marketplace its line of EcoStyler® hair styling gels in containers having the designs ("Ecoco Trade Dress") as illustrated in **Exhibit A** hereto.

4

17. Ecoco is the owner of all right, title, and interest in and to the Ecoco Trade Dress, including the right to bring suit for past, present, and future infringement, and to collect past, present, and future damages.

18. Ecoco has continuously used the Ecoco Trade Dress to designate its products.

19. Ecoco has developed a local and national reputation and a high degree of goodwill associated with its products that incorporate the Ecoco Trade Dress.

20. As a result of the long, continuous, and widespread use, promotion and advertising of the Ecoco Trade Dress, such trade dress has become associated with Ecoco, and has also acquired a secondary meaning, and has become an asset of substantial value as a symbol of Ecoco, its quality name, its quality services, its quality products, and its goodwill.

21. The Ecoco Trade Dress is distinctive.

22. The Ecoco Trade Dress is nonfunctional.

23. Upon information and belief, since at least July 2014, UBP has marketed, offered for sale, and/or sold its line of Salon Pro Exclusive hair gel products entitled Multi-Protein, Moroccan Argan, Twin Olive, and Brazilian Keratin gels, in containers such as illustrated in **Exhibits B**. Those containers have the same look and feel as the look and feel of the Ecoco Trade Dress, as shown in the attached **Exhibits E-H**.

24. UBP's Accused Products directly compete with the Ecoco line of EcoStyler® of hair styling gels.

25. Upon information and belief, UBP intentionally advertises, offers for sale, and sells in a manner designed to confuse the public into mistaking UBP's Accused Products with the Ecoco Trade Dress. As such, UBP's Accused Products falsely

5

represent to the trade and customers that UBP's Accused Products originate from Ecoco, and/or that UBP and its line of hair styling gels are in some manner affiliated with Ecoco.

26. Upon information and belief, due to the striking similarities between UBP's Accused Products and the Ecoco Trade Dress, there is a likelihood of confusion by customers and others who deal with UBP or UBP's Accused Products as to the source of the goods offered by UBP and its customers.

27. Upon information and belief, UBP has intentionally and willfully infringed Ecoco's Trade Dress by passing off the Accused Products as those of another, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of the UBP Accused Products.

28. Upon information and belief, UBP has intentionally and willfully represented that the Accused Products are of a particular standard and quality on par with Ecoco's Trade Dress and that the Accused Products are the same style or model.

29. Upon information and belief, UBP has profited from its use, offer for sale and sales of Accused Products.

30. The Ecoco Trade Dress was first used by Ecoco long before UBP first marketed and sold its Accused Products.

31. UBP has and continues to offer for sale and sell Accused Products using Ecoco's Trade Dress.

32. Upon information and belief, when UBP first began manufacturing, using, offering for sale, and selling its Accused Products, UBP knew that Ecoco had long been using its Ecoco Trade Dress and that Ecoco owned the Ecoco Trade Dress.

33. UBP's advertising, use, and offer for sale of the Accused Products depicted in **Exhibits B and D-H** falsely describe and represent UBP as being sponsored by, approved by, or affiliated with Ecoco. UBP has caused, with knowledge of such false designation of origin or description or representation, such designs to be used in interstate commerce.

34. UBP has willfully promoted its businesses in interstate commerce using a confusing simulation of the Ecoco's Trade Dress in such a manner so as to falsely designate an origin or an association with Ecoco, with the Ecoco Trade Dress, and with Ecoco's goodwill, so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of UBP's goods, all to UBP's profit and to Ecoco's monetary damage. Ecoco has been irreparably harmed by UBP's use of such false designation and misrepresentation.

35. UBP's acts, as set forth above, constitute unfair competition, false designation or origin, and false description in violation of 15 U.S.C. §1125(a), Section 43(a) of the Lanham Act.

36. UBP will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representations set forth above, which acts have caused, and will continue to cause Ecoco immediate and irreparable harm. Pursuant to 15 U.S.C. §1116 and Fed. R. Civ. P. 65(a), Ecoco is entitled to an Order of this Court enjoining UBP's unlawful activities. Ecoco has no adequate remedy at law.

37. As a result of UBP's conduct set forth above, Ecoco is entitled, pursuant to 15 U.S.C. §1117, to a judgment for: (1) UBP's profits; (2) damages sustained by Ecoco;

(3) treble damages; (4) such sum as the Court deems just; (5) attorneys' fees; (6) costs of this action; and (7) interest.

### COUNT TWO:  UNFAIR COMPETITION IN VIOLATION OF ILLINOIS COMMON LAW

38. Ecoco incorporates paragraphs 1 through 37 above by this reference, as though fully set forth herein.

39. UBP's acts, as set forth above, constitute unfair competition, false designation or origin, and false description in violation of Illinois common law.

40. UBP will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representations set forth above, which acts have caused, and will continue to cause Ecoco immediate and irreparable harm.  Ecoco is entitled to an Order of this Court enjoining UBP's unlawful activities.  Ecoco has no adequate remedy at law.

41. As a result of UBP's conduct set forth above, Ecoco is entitled to all relief afforded to it under Illinois common law, including, but not limited to, attorneys' fees, and for any such other relief as the Court deems equitable and just.

### COUNT THREE:  VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

42. Ecoco incorporates paragraphs 1 through 41 above by this reference, as though fully set forth herein.

43. UBP's acts, as set forth above, constitute unfair competition, false designation or origin, and false description in violation of 815 ILCS 505/et seq.

44. UBP will, if not enjoined by this Court, continue its acts of deceptive business practices and fraud by the use of the false designation and false representations set forth above, which acts have caused, and will continue to cause Ecoco immediate and irreparable harm. Ecoco is entitled to an Order of this Court enjoining UBP's unlawful activities. Ecoco has no adequate remedy at law.

45. As a result of UBP's conduct set forth above, Ecoco is entitled to all relief afforded to it under the Illinois Consumer Fraud Act including, but not limited to, attorneys' fees, and for any such other relief as the Court deems equitable and just.

## COUNT FOUR: VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

46. Ecoco incorporates paragraphs 1 through 45 above by this reference, as though fully set forth herein.

47. Upon information and belief, Ecoco alleges that the foregoing conduct amounts to an unlawful and/or unfair business practice by UBP within the meaning of the Illinois Uniform Trade Practice Act 510/et seq.

48. As a result of UBP's conduct set forth above, Ecoco is entitled to all relief afforded to it under the Illinois Uniform Deceptive Trade Practices Act including, but not limited to, attorneys' fees, and for any such other relief as the Court deems equitable and just.

## REQUEST FOR RELIEF

WHEREFORE, Ecoco respectfully requests judgment in its favor and against UBP as follows:

(a) That UBP be adjudged to have violated the provisions of 15 U.S.C. §1125(a) by unfairly competing against Ecoco by using false or misleading descriptions or representations of fact that misrepresent the nature, quality, and characteristics of UBP's Accused Products;

(b) That UBP be adjudged to have unlawfully competed against Ecoco by engaging in unfair methods of competition and unfair or deceptive acts or practices under the Illinois Consumer Fraud and Deceptive Business Practices Act 815 Ill. Comp. Stat. 505;

(c) That UBP be adjudged to have unlawfully competed against Ecoco by engaging in deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510;

(d) That UBP recall and remove its Accused Products from the distribution supply chains;

(e) That an order issue that UBP, its corporate officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained:

> (i) from promoting, selling, or offering to sell its Salon Pro Exclusives Multi-Protein, Moroccan Argan, Twin Olive, and Brazilian Keratin hair styling gels, or any other hair styling gels having a trade dress confusingly similar to the Ecoco Trade Dress; and
>
> (ii) from otherwise infringing upon Ecoco's rights in and to its Trade Dress and from otherwise unfairly competing with Ecoco in any manner;

(f) That Ecoco be granted injunctive relief under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act;

(g) That an accounting be conducted and judgment be rendered against UBP for:

    (i) all profits received by UBP as a result of its unlawful acts, pursuant to 15 U.S.C. §1117 et. seq. and common law; and

    (ii) damages pursuant to 15 U.S.C. § 1117, sufficient to compensate Ecoco for the damage caused by UBP' unlawful acts in an amount not presently known, but to be computed during the pendency of this action;

    (iii) damages in an amount sufficient to compensate Ecoco for the damage caused by UBP' unlawful competition and false or misleading acts and deceptive trade practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505 and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510;

(h) That such profits and damages assessed against UBP be trebled, and that Ecoco be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of UBP's willful, intentional and deliberate acts in violation of the Lanham Act;

(i) That UBP file, within ten days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which UBP has complied with the terms of the injunction;

(j) An award of pre- and post-judgment interest as permitted; and

(k) Such further and other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Ecoco hereby demands a trial by jury on all issues so triable.

DATED: August 25, 2014                         Respectfully submitted,

Ecoco, Inc.


By its Attorneys,


        /John S. Mortimer/

John S. Mortimer
Jeffrey L. Clark
Dean A. Monco
WOOD PHILLIPS
500 West Madison Street, Suite 1130
Chicago, IL   60661
Telephone:  312-876-1800
Facsimile:   312-876-2020